**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| David C. Davis, | : | **CIV. NO. 16-4200(RMB)** |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| State of New Jersey, | : | |
| Camden County Corr. Facility,[1] | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court upon Petitioner's submission of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and an application to proceed without prepayment of fees ("IFP application"). (Pet., ECF No. 1; IFP App., ECF No. 1-1.)[2] Plaintiff is a state pretrial detainee confined in Camden County Correctional Facility, and he challenges the basis for the state charges against him. (Id., ¶¶1-5.) The Court has examined

---

[1] The proper respondent in a habeas corpus proceeding under 28 U.S.C. § 2241 is the petitioner's immediate custodian; here, the Warden of Camden County Correctional Facility. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

[2] The Court notes Petitioner has also filed a civil rights action under 42 U.S.C. § 1983, arising out of the same facts alleged here. Davis v. Superior Court of New Jersey, et al., Civil Action No. 16-4167(RMB). Because money damages are not available as habeas relief, the Court will address Plaintiff's claim for damages in his § 1983 action.

the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and concludes the petition should be dismissed for lack of jurisdiction.

I.   THE PETITION

Petitioner is confined in Camden County Correctional Facility. (Pet., ¶2.) He has been in pre-trial detention since September 28, 2015. (Id., ¶4.) On March 14, 2016, Petitioner wrote a letter to Judge Delaney, the state court judge presiding over his criminal proceedings, alerting her to the alleged violation of his constitutional rights. (Id., ¶7.) Petitioner filed a motion for dismissal of charges in the state court proceeding on April 25, 2016. (Id., ¶10.) He filed a motion to suppress all evidence on May 18, 2016. (Id.) He is waiting for his court hearings. (Id.)

Petitioner alleged his Fourth, Sixth, Eighth and Fourteenth Amendment rights have been violated. (Id., ¶13.) He refers to the letter that he wrote to Judge Delaney, attached to the petition, for further explanation. (Id.) In the letter (ECF No. 1-3), he alleged lack of probable cause for arrest, fraudulent Indictment, and improper complaint warrant. Petitioner requested a motion for dismissal of the Indictment; suppression of evidence; motion for an evidentiary hearing, motion for a Wade hearing; conflict of interest hearing, and bail reduction. For habeas relief,

2

Petitioner seeks expungement of the charges against him and monetary damages for false imprisonment. (Pet., ¶15.)

II. DISCUSSION

Petitioner has established his financial inability to pay the filing fee, and the Court will grant his IFP application pursuant to 28 U.S.C. § 1915. Although federal courts can exercise pre-trial habeas corpus jurisdiction under 28 U.S.C. § 2241, the Third Circuit Court of Appeals has held that district courts should not exercise such jurisdiction unless extraordinary circumstances are present. Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)). Jurisdiction must be exercised sparingly to prevent "'interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.2d at 443.

"[W]hen a defendant is awaiting trial, the appropriate mechanisms for challenging the legality of an arrest, the constitutionality of the government's actions, or the admissibility of evidence are pretrial motions." See U.S. v. Roberts, 463 F. App'x 72, 74 (3d Cir. 2012)(citing Gov't of the

3

Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970)(per curiam)). If a habeas claim is unexhausted, a federal habeas court will typically dismiss the claim without prejudice to allow the petitioner to exhaust his claims in state court. See Port Auth. Police Bene. Ass'n, Inc. v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)("principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances")(citing Younger v. Harris, 401 U.S. 37 (1971)).

Petitioner has not presented extraordinary circumstances to explain why his constitutional claims regarding probable cause, suppression of evidence or defects in the complaint warrant and Indictment cannot be addressed by the state courts. Petitioner has raised the issues in state court, and several motions are pending. The exhaustion requirement in habeas cases presumes adequate state remedies, absent a showing to the contrary. Wilson v. Secretary of Pennsylvania Dept. of Corr., 782 F.3d 110, 118 (3d Cir. 2015). "By requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants." Id. (quoting Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005)(quoting Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003)).

4

The appropriate means for a petitioner to challenge the constitutionality of a state court conviction is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after exhausting state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Nothing in this Opinion precludes Petitioner from filing a petition under § 2254 at the appropriate time.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the petition for lack of jurisdiction.

Dated: **August 25, 2016**

                                                s/RENÉE MARIE BUMB_____
                                                **RENÉE MARIE BUMB**
                                                **UNITED STATES DISTRICT JUDGE**